### R. C. WRIGHT, AUD., v. ROBERT DROEGE.

STATUTE PROVIDING FOR DEPUTY CORONERS IN CUYAHOGA COUNTY IS UNCONSTITUTIONAL.

Section 1209a Rev. Stat., providing for the appointment of deputy coroners in certain counties having a city of the first class, second grade, is unconstitutional in that it contravenes Art. 2, Sec. 26, of the state constitution requiring laws of a general nature to have a uniform operation throughout the state.

ERROR to Cuyahoga common pleas court.

**J. A. Cline,** Pros. Atty., and **W. D. Meals,** for plaintiff in error.

**Mooney & Mahon,** for defendant in error:

Cited and commented upon the following authorities. *Platt* v. *Craig,* 66 Ohio St. 75 [63 N. E. Rep. 594]; *Cass* v. *Dillon,* 2 Ohio St.

Wright v. Droege.

607; *State* v. *Davis,* 23 Ohio St. 434; *State* v. *Covington,* 29 Ohio St. 102; *State* v. *Hoffman,* 35 Ohio St. 435; *State* v. *Kendle,* 52 Ohio St. 346 [39 N. E. Rep. 947]; *State* v. *Yates,* 66 Ohio St. 546 [64 N. E. Rep. 570]; *State* v. *Houck,* 31 O. C. C. 15 (11 N. S. 414); *Cricket* v. *State,* 18 Ohio St. 9; *State* v. *Spellmire,* 67 Ohio St. 77 [65 N. E. Rep. 619]; *Kelley* v. *State,* 6 Ohio St. 269; *Goshorn* v. *Purcell,* 11 Ohio St. 641.

MARVIN, J.

The only question in this case is the constitutionality of so much of Sec. 1209a Rev. Stat. as reads:

"And the coroner in all counties having a city of the first class of the second grade may appoint a deputy coroner, who shall have power to do and perform all duties imposed by law upon the coroner of said county in his absence, at a salary not to exceed $1,500 per annum" * * *.

This statute was enacted prior to the enactment of the present municipal code, and at a time when by the statutes of Ohio there was a classification of cities. The only city of the grade and class named in this statute is the city of Cleveland, and therefore the only county affected by it is Cuyahoga county.

It is urged on behalf of the plaintiff in error that this enactment contravenes Art. 2, Sec. 26, of the constitution of the state of Ohio, which reads:

"All laws, of a general nature, shall have a uniform operation throughout the state" * * *.

The petition in this case sets out that the city of Cleveland has a population composed largely of foreign born people; that it is a large city; that crimes of violence are frequent therein; that deaths from violence are greater in number in said city than in other parts of the state, and various other facts, which, it is claimed on the part of the defendant in error, render legislation, in regard to the coroner's office and assistants to the coroner, proper for Cuyahoga county, that would not be proper for any other part of the state.

We do not understand that these facts affect the question of whether the provisions of the statute under consideration are of a general nature. We have examined the carefully prepared brief of the defendant in error, but we are not in accord with the conclusion reached in such brief.

Especial attention is called to the language of the first clause of the

syllabus in the case of the *State* v. *Spellmire,* 67 Ohio St. 77 [65 N. E. Rep. 619], which reads:

"Whenever a law of a general nature having a uniform operation throughout the state, can be made fully to cover and provide for any given subject-matter, the legislation, as to such subject-matter, must be by general laws, and local or special laws cannot be constitutionally enacted as to such subject-matter."

Applying this doctrine to the case at bar, it seems clear that the enactment under consideration is in contravention of this provision of the constitution. The subject-matter of conducting public offices is surely of a general nature, and an enactment might very easily be made providing that in all counties having such characteristics, as it is said in the petition herein, Cuyahoga county has, there should be a deputy coroner.

The result is that we reach the conclusion that there was error in the judgment of the court of common pleas, and the judgment is reversed, and proceeding to enter the judgment here which the court of common pleas should have entered, the petition of the plaintiff below is dismissed.

**Henry** and **Winch, JJ.,** concur.